UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE T. LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOMINIC D. MULLENS, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2607 AC P<br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. ECF Nos. 3, 6. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff cites his indigency, limited access to the law library, and limited legal knowledge as grounds for appointing counsel. ECF Nos. 3, 6. The issues identified by plaintiff are circumstances experienced by most prisoners and are therefore not exceptional.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for appointment of counsel (ECF Nos. 3, 6) are denied.

DATED: September 28, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE